[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is a petition for assessment of damages resulting from respondent's condemnation of a parcel of real estate owned by the petitioner. Jurisdiction in this Court is pursuant to G.L. 1956 (1990 Reenactment) § 37-6-18. The parties were heard and a decision is herein rendered in accordance with R.C.P. 52.
Facts and Travel
The petitioner, F. Stephen Serzan ("petitioner"), was the owner of a parcel of real estate located at 828 Ocean Road in Narragansett and described as Assessor's Plat S, Lot 133. The lot is ocean front property and abuts Scarborough State Beach. The lot was improved in 1971 with a one story restaurant building. In 1974 a patio room and a second floor apartment were added. Despite changes in the Narragansett Zoning Ordinance, petitioner's use of the property as a restaurant and rental unit remained a legal nonconforming use.
On February 22, 1989, as part of a project to renovate the Scarborough Beach area and to make more of the ocean front accessible to the public, the respondent, Department of Environmental Management ("DEM"), condemned the petitioner's property by filing a notice of condemnation. (Exhibit 5). DEM offered the petitioner $570,405 for the property based on a lot size of 17,378 square feet. Of the $570,405, $70,000 was placed into escrow due to the discovery of a private right of way on the property (Exhibit 6). The petitioner rejected the offer but accepted the $500,405 and reserved his right to petition for damages under G.L. 1956 (1990 Reenactment) § 37-6-18.
The petition for assessment of damages was duly filed on April 17, 1989. In his petition, the petitioner argues that respondent's offer does not reflect the fair market value of his property. Further, petitioner contends that respondent's failure to remit the entire $570,405 is in violation of G.L. 1956 (1990 Reenactment) § 37-6-17 because petitioner's request for payment had previously been approved by the State Properties Committee. Finally, petitioner asserts that the fair market value of the property is $1,200,000 and that respondent's offer is based upon an erroneous survey.
The sole issue before the Court is the amount the petitioner is entitled to receive as a result of the February 22, 1989 taking by DEM.
Article I, § 16 of the Rhode Island Constitution provides that "private property shall not be taken for public uses, without just compensation." It is well settled that the measure of damages to be awarded as compensation for property taken by condemnation is the fair market value of the property. OceanRoad Partners v. State, 612 A.2d 1107, 1110 (R.I. 1992). The fair market value is to be assessed at the time of the taking.Id. Further, the compensation should be based on the most advantageous and valuable use of the property bearing in mind that it must be valued in light of existing zoning restrictions.Sweet v. Murphy, 473 A.2d 758, 761 (R.I. 1984); Palazzi v.State, 113 R.I. 218, 222-23, 319 A.2d 658, 661-62 (1974).
Generally, the best evidence of the fair market value is prices paid on the open market at or about the time of the taking for substantially similar and comparable properties, when available and when adjustments can be made for minor differences.J.W.A. Realty, Inc. v. City of Cranston, 121 R.I. 374, 380,399 A.2d 479, 482 (R.I. 1979). Significant factors which affect comparability are the location and character of the property, the proximity in time of comparable sales, and the use to which the property is put. Warwick Musical Theatre, Inc. v. State,525 A.2d 905, 910 (R.I. 1987).
The Court, sitting without a jury, heard testimony and received evidence on the issue of the fair market value of the petitioner's property. The petitioner presented several witnesses in support of his case.
The petitioner testified that he purchased the lot in 1970 and improved the lot with a restaurant and a second floor apartment in 1971 and 1974, respectively. Further, petitioner testified that he leased the restaurant seasonally and leased the apartment by the week during the summer and by the month during the winter. The petitioner testified that except for the summer of 1987 when Scarborough Beach was closed due to renovations, he had always been successful in renting the restaurant and apartment. More specifically, petitioner noted that he had to cancel a lease for the 1988 season because of the possibility of condemnation.
Ronald Travers, the Narragansett Building Inspector, testified on behalf of the petitioner. Mr. Travers testified the use of the property, as a restaurant and rental unit, was a legal nonconforming use under the Narragansett Zoning Ordinance on the date of condemnation.
Joseph Frisella, a land surveying expert, testified for the petitioner. Mr. Frisella testified that he determined the lot size as of the date of condemnation to be 25,600 square feet. Further, he testified that he had performed three surveys on the property at different times and had conducted over five hundred (500) surveys of beach front property.
The key testimony for the petitioner was offered by the real estate expert, Roy Schaeffer, engaged by the petitioner to determine the fair market value of the property. Mr. Schaeffer testified that he utilized the comparable sales approach due to the fact that ocean front property has special value. Further, he testified that the highest and best use of the property was as a restaurant and rental unit.
Mr. Schaeffer described how he chose three comparable properties which had been sold in the area during the pertinent time. The first property described by petitioner's expert was located directly across the street from the subject lot and is improved by an eight unit motel. The property was sold in November of 1988 for $450,000 or $35.70 per square foot. The second property described by Mr. Schaeffer is located in close proximity to Misquamicut State Beach and is improved with a seasonal recreation complex. The property was sold in May of 1988 for $2,100,000 or $29.88 per square foot.[1] The third lot reviewed by Mr. Schaeffer was a seasonal bait and gift shop with an ocean view. The property was sold in December of 1990 for $350,000 or $26.78 per foot. Mr. Schaeffer also reviewed two additional lots which he determined to be not comparable.
Mr. Schaeffer further testified that he adjusted the prices to account for location, lot size, proximity to the ocean, and the time of the sale. He testified that after the adjustments the average value per square foot was $47.00. Finally, Mr. Schaeffer testified that, in his opinion, the subject property had a fair market value in February of 1989 of $1,200,000.
The DEM presented several witnesses in support of their appraisal of the subject property. L. Robert Smith, a civil engineer, testified that he surveyed the lot in 1988 and determined the lot size to be 17,378 square feet. On cross-examination, Mr. Smith testified that he again surveyed the land, after his direct testimony, and determined the lot size to be 24,232 square feet.
The key witness on behalf of DEM was Thomas Andolfo, an expert real estate appraiser. DEM engaged Mr. Andolfo to conduct an appraisal of the subject property. Mr. Andolfo testified that the highest and best use of the property was as a restaurant and an apartment. Additionally, he testified that he based his opinion on the determination that the lot contained 17,378 square feet.
Mr. Andolfo appraised the property employing three approaches: comparable sales, income, and cost. In utilizing the comparable sales approach Mr. Andolfo examined three properties. The first property was located in Westerly, was improved by a restaurant and apartment, and was sold for $647,500 in February 1989. The second property, as testified to by Mr. Andolfo, was located in South Kingstown and was improved by a restaurant and apartment. The lot was sold in April 1988 for $340,000 but was in poor condition and required extensive renovations. The third property was located in Narragansett and was improved by a restaurant and apartment. The lot was sold in September 1984 for $125,714. Finally, Mr. Andolfo testified that, in his opinion, the subject property had a fair market value in February 1989 of $500,000.
Initially, in assessing the fair market value of this property, this Court is satisfied, from a review of the pertinent Narragansett Zoning provisions, that the use of the property as a restaurant and apartment was a legal nonconforming use at the time of condemnation. Additionally, this Court finds that said use was the highest and best use of the property on the date of condemnation. Further, this Court accepts the testimony of Mr. Smith that the property measured 17,378 square feet at the time of condemnation. This Court is not persuaded by petitioner's contention that the lot contains 25,600 square feet. Mr. Smith's testimony is further supported by the petitioner's own statement in his building permit application in which he reported that the lot contained 11,297 square feet. (Exhibit G). Taking into account that ocean front property may erode or acrete, this Court finds, based on the competent evidence before it, that the lot measured 17,368 square feet at the time of condemnation.
Next, this Court has reviewed the testimony and reports of the expert appraisers and is persuaded by the petitioner's expert. See (Exhibit 17). Mr. Schaeffer's analysis is based on sales more comparable in time, location, and structure than those utilized by Mr. Andolfo. Mr. Andolfo's analysis relied heavily on zoning factors not at issue due to the fact that the highest and best use of the property was in fact a legal nonconforming use at the time of condemnation.
For the reasons hereinabove set forth, this Court finds that the fair market value of petitioner's property as of February 22, 1989 was $716,766. This fair market value is based on a lot size of 17,368 square feet at a price of $47.00 per square foot. The fair market value of the property must be reduced by $70,000 to account for the private right-of-way over the property. Accordingly, this Court awards petitioner $646,766 minus the $500,405 DEM has paid petitioner for the property.
Counsel shall prepare an appropriate order for entry.
[1] Mr. Schaeffer testified that this calculation was based on an erroneous survey and that the actual price was $37.09 per square foot.